[941 NYS2d 53]

In the Matter of BENJAMIN HAGER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 22, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Paul L. Friman* of counsel), for petitioner.

*Harvey L. Greenberg*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Benjamin Hager was admitted to the practice of law in the State of New York by the Second Judicial Department on December 19, 1959. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

Respondent, acknowledging that there is a pending investigation before the Departmental Disciplinary Committee related to a complaint alleging professional misconduct filed against him, seeks to freely and voluntarily resign from the practice of law. Respondent acknowledges that if the Committee brought charges against him related to the pending complaint, he could not successfully defend himself on the merits.

With respect to the complaint filed against him, respondent states that Harvey D. Wolinetz alleges that respondent represented Eliyahu Weinstein in several complex commercial real estate transactions in which Wolinetz was also involved. At Weinstein's behest, respondent advised Wolinetz that Weinstein had deposited $9 million into respondent's escrow account and that the funds would clear the next day. While the funds had in fact been deposited, Weinstein subsequently stopped payment on those funds, making them unavailable. Respondent never so advised Wolinetz. Never having been advised that the funds were no longer in respondent's escrow account, Wolinetz went forward with loan transactions related to the real estate transaction to his detriment.

The Committee now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys. We hereby grant the Committee's application.

According to 22 NYCRR 603.11, when an attorney "who is the subject of an investigation into allegations of misconduct or who is the subject of a disciplinary proceeding" (22 NYCRR 603.11 [a]), submits an affidavit to the Committee seeking resignation, we have the discretion to allow his resignation provided the attorney states that the resignation is freely and voluntarily rendered (22 NYCRR 603.11 [a] [1]); that the attorney is aware of a pending investigation or disciplinary proceeding (22 NYCRR 603.11 [a] [2]); and "that if charges were predicated upon the misconduct under investigation, he

[the attorney] could not successfully defend himself on the merits against such charges'' (22 NYCRR 603.11 [a] [3]).

Here, respondent's affidavit complies with 22 NYCRR 603.11 and insofar as he acknowledges his professional misconduct, the Committee's motion should be granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to December 22, 2011 (*Matter of Davis*, 88 AD3d 314 [2011]).

TOM, J.P., ANDRIAS, CATTERSON, MOSKOWITZ and ROMÁN, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to December 22, 2011.